**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **DAVID BROWN, DAVID BAKER, NATHAN BANKS, MARK BENNETT, DEMOTON BOYD, JAY CHEEKS, WAYNE CRENSHAW, DEXTER DAVIS, DERRICK ELLISON, LUIS GONZALEZ JR., KETHON HOOD, MICHAEL JENKINS, JOHN KENNEDY, MARK LAYE, KENNETH LINDSEY, ERNEST MILES, DEMARK PONDER, KEITH RUTLEDGE, REGINALD SMITH, RODRIQUES TERRY, LAUNEZE THOMAS, ROBERT TUCKER, JASON VAUGHN, JACOB WALKER, on behalf of themselves and others  similarly situated,** | **CIVIL ACTION FILE NO.:** _____ **JURY TRIAL DEMANDED** **IN COLLECTIVE ACTION** |
| **        Plaintiffs,** | |
| **vs.** | |
| **VENTURE EXPRESS, INC., and DEWAYNE GRADIC,** | |
| **        Defendants.** | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME  NOW,  Plaintiffs  on  behalf  of  themselves  and  others  similarly

situated  (hereinafter  collectively  "Plaintiffs"),  in  their  Complaint  against

Defendants Venture Express, Inc. (hereinafter "Venture Express") and DeWayne Gradic (hereinafter "Defendant Gradic") (hereinafter collectively "Defendants") and show the Court as follows:

## THE PARTIES AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216.  Plaintiffs are all residents of the State of Georgia and are all former employees of Venture Express, which was the FLSA employer of Plaintiffs for the relevant period of time.  Plaintiffs served in the capacity of both hourly workers and drivers while working at Venture Express' West Point, Georgia location, and were paid an hourly amount, varying among the Plaintiffs, of $12.00 to $14.00 per hour.  Plaintiffs bring this action to recover from Defendants unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendants' failure to pay overtime and failing to pay employees for all

hours worked.  The named Plaintiffs hereby consent to be a part of this collective action.

3.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked between 40 to 70 hours per week on most weeks.  Some hourly employees and/or drivers, when working in "the yard" during the summer months, became ill and/or weak from exhaustion or dehydration due to working long periods without any breaks or lunchtime. However, Defendants had a known and stated (by Defendant) policy of not paying time and one-half for hours worked over 40 hours weekly.   Consequently, Plaintiffs were never paid time and one-half wages for any hours worked over 40 hours weekly as required by the Fair Labor Standards Act.

4.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, hourly employees who have been or are employed in positions similar to those of the individually named Plaintiffs, at the same location as those of the individually named Plaintiffs, and were subject to the same or similar unlawful practices as the individually named plaintiffs.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of

Defendants, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

5.

At all times relevant hereto, Venture Express was and is a Tennessee corporation doing business in this judicial district with an office located at 1700 South Progress Parkway, West Point, Georgia 31833, and according to its website found at www.ventureexpress.com/about, had an additional office located at 2545 Upper Big Springs Road, Lagrange, Georgia 30241.  However, Venture Express was not licensed to do business in Georgia and has not registered with the Georgia Secretary of State.   Defendant Gradic is the corporate Regional Director of Operations and was employed by Defendant Venture Express.  Defendant Gradic ran the day-to-day corporate operations of Defendant Venture Express for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period.  Defendants are subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

6.

Defendants' business activities involve those to which the Fair Labor Standards Act applies, and Defendants are an employer under the FLSA, 29 U.S.C. 203.

7.

This Court has original jurisdiction upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## COLLECTIVE ACTION ALLEGATIONS

8.

Defendants contracted with Johnson Controls to, among other things, deliver items (predominantly newly manufactured doors) from the Johnson Controls plant in West Point, Georgia to intrastate locations in Georgia less than eight (8) miles away.

As part of its invoicing of Johnson Controls, Defendants invoiced Johnson Controls for time and one-half overtime costs of its employees but did not pay time and one-half overtime to its employees.  After Defendants lost the contract with Johnson Controls and terminated the Plaintiffs' employment; Ryder, the new transport company that contracted with Johnson Controls and replaced the Defendants, re-hired many of the Plaintiffs and has since been paying the Plaintiffs time and one-half overtime for hours worked over 40 hours while they performed essentially the same job duties and worked the same hours previously worked for the Defendants.

9.

When they worked for Defendants, many of the Plaintiffs' duties included performing either manual tasks in "the yard" or administrative office tasks at the Defendants' above-listed West Point location.  This work was not subject to any exemption to the FLSA and as such, time and one-half overtime should have been paid for all hours worked over 40 hours in a given work week.

10.

Some of Plaintiffs' duties, when not performing the above-referenced manual labor or administrative tasks, were involved in transporting doors that had been manufactured at the Johnson Controls plant to intrastate locations in Georgia less than eight (8) miles away.  Because these Plaintiffs always only made intrastate deliveries, they could not be reasonably expected to make interstate run for Defendants.  The goods transported by Plaintiffs, mostly manufactured doors, were a new commodity, one that had been materially changed in character, utility, and value while at the Johnson Control plant.  Similarly, the doors shipped to nearby intrastate locations were combined with other products to become a new commodity, one that had been materially changed in character, utility, and value. As such, these shipments could not constitute a practical continuity of movement between the intrastate segment and the overall interstate.

11.

Defendant never paid time and one-half overtime to its hourly, nonexempt employees despite the fact that most of them regularly worked more than 40 hours per week.

12.

Additionally, in some instances Plaintiffs were not paid full credit for hours worked and/or required to work uncompensated "off the clock."

13.

Relatedly, for many hourly yard and/or driver employees, the actual number of hours reported to Defendants' payroll company was falsely reported as less than the number of hours worked by those employees.  As such, Defendants breached their contractual obligation to Plaintiffs to pay them their hourly rate for every hour worked.

14.

Defendants' violations were willful and knowing.  Defendants indicated they "refused" to pay time and one-half overtime for hours worked over 40 hours weekly.  Defendants and their manager(s) would yell at employees and threaten to retaliate against employees who asked to be paid correct overtime amounts and/or who inquired as to how their checks were calculated.  Whenever hourly employees would inquire about the differences in hours reported, the hourly employees were

yelled at and not allowed to see or keep proof of their hours worked from the time clock.  Further, Defendants would not accurately record hours worked in a single work week, and would commonly "roll over" hours worked in a single work week and treat them as work for the following work week.  As such, Defendants failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c).

15.

Upon information and belief, Defendants have in some cases, retaliated against individuals who opposed these unlawful wage and hour practices.

## COUNT I – FLSA VIOLATIONS

16.

Plaintiffs re-allege paragraphs one through 15 and herein incorporate them by reference to this count.

17.

Defendants' policies, as stated above, have caused Plaintiffs to be deprived of wages due to them.

18.

Defendants' policies as stated above, constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

8

19.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## COUNT II – BREACH OF CONTRACT

20.

Plaintiffs re-allege paragraphs one through 19 and herein incorporate them by reference to this count.

21.

Defendants contracted with Plaintiffs to pay them their individual hourly rates for every hour worked.  Some Plaintiffs performed work that was unpaid by Defendants.

22.

Defendants' policies, as stated above, have caused Plaintiffs to be deprived of wages due to them.

23.

Under state law, Defendants have breached their contractual obligations to Plaintiffs in the amount of their unpaid wages, have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.

Therefore, Plaintiffs are entitled to recover reasonable attorneys' fees and expenses of litigation from the Defendants pursuant to O.C.G.A. §13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray this Court grant the following relief:

a.   A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.   An award of past due wages for all Plaintiffs for the three years preceding the filing of this complaint, together with interest thereon;

c.   That the Court award Plaintiffs liquidated damages, together with interest thereon, for the violations of state law alleged herein;

d.   That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e.   That this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f.   That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein;

g.   That additional applicable former employees of Defendants be permitted to join this suit by appropriate opt-in; and

h.   That Plaintiffs be awarded appropriate damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

i.      Any and other such further relief this Honorable Court or the Finder

of Fact deems equitable and just.


This 6th day of February, 2013.

Respectfully submitted,


By:     /s/ Douglas R. Kertscher

Douglas R. Kertscher
Georgia State Bar No. 416265
Email:     drk@hkw-law.com
***Attorney for Plaintiffs***

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770)  953-0995
Facsimile:   (770)  953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 6th day of February, 2013.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Email:      drk@hkw-law.com
***Attorney for Plaintiffs***

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770)  953-0995
Facsimile:  (770)  953-1358