IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DAVID BROWN, et al.        ) | |
|                            ) | |
|   Plaintiffs,              ) | |
|                            ) | CIVIL ACTION FILE NO. |
| v.                         ) | 3:13-CV-00020-TCB |
|                            ) | |
| VENTURE EXPRESS, INC. and  ) | |
| DEWAYNE GRADIC,            ) | JURY TRIAL DEMANDED |
|                            ) | IN COLLECTIVE ACTION |
|   Defendants.              ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiffs David Brown, et al., on behalf of himself and all others similarly situated, and Defendants Venture Express, Inc. and Dewayne Gradic, pursuant to FED. R. CIV. P. 26(f) and N.D. GA. LOCAL RULE 16.2, hereby file this Joint Preliminary Report and Discovery Plan.

**1.     Description of Case:**

   **(a)     Describe briefly the nature of this action.**

   By Plaintiffs:   Plaintiffs are a group of similarly situated former employees of Defendant who bring this collective action alleging they were not paid overtime or appropriate wages by Defendant from the periods of January 2010 – September 2012.

By Defendants:

Defendants assert that the Plaintiffs are not owed any additional compensation, and deny that any unlawful employment practices occurred.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The parties' versions of the facts in this case differ and therefore they provide separate recitations of the facts here:

Plaintiffs' Summary of the Facts:

From January 2010 – September 2012, Defendant employed the Plaintiffs as hourly workers at its West Point, Ga. location.   Defendant did not pay them for all hours worked nor did it pay them time and one half for hours worked over 40 hours in a week.  Plaintiffs bring this action to recover from Defendants unpaid regular time compensation, overtime compensation, liquidated damages, and attorneys' fees and expenses of litigation.

Defendants' Summary of the Facts:

Defendants assert that the Plaintiffs are not owed any additional compensation, and deny all allegations of unlawful employment practices.

**(c)    The legal issues to be tried are as follows:**

<u>By Plaintiffs</u>:  I.    Whether Plaintiffs (hourly employees) were entitled to be paid time and one half for hours worked over 40 hours in a given week.

II.    Whether Plaintiffs (hourly employees) were entitled to be paid for hours worked but not paid.

III.   Willfulness.

IV.   Damages and attorneys' fees and expenses of litigation.

<u>By Defendants:</u>

I.    Recovery of Overtime

A.    Whether Brown was entitled to overtime under the Fair Labor Standards Act, or whether he was exempt from the FLSA's overtime provisions;

B.    Whether Brown has shown that overtime was performed without compensation, and the amount of compensation due as a matter of just and reasonable inference.

C.    Whether Defendants had actual or constructive knowledge of overtime worked by Bennett.

II.     Whether Defendants acted willfully, as that term is defined and interpreted under the FLSA, thus entitling Brown to collect overtime for the three (3) years preceding the date he filed this lawsuit.

III.    Whether Defendants acted in good faith and with reasonable grounds for believing that their failure to pay overtime and keep appropriate records was not a violation of the FLSA.

IV.    Whether Defendants' actions were taken in good-faith conformity with and reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

V.     Whether Plaintiff may certify this case, preliminarily or otherwise, as a collective action.

    **(d)    The cases listed below (include both style and action number) are:**

        **(1)    Pending Related Cases**:  None.

        **(2)    Previously Adjudicated Related Cases**:  None.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

**RESPONSE:**

  _X_  (1)   Unusually large number of parties
  ___  (2)   Unusually large number of claims or defenses
  ___  (3)   Factual issues are exceptionally complex
  ___  (4)   Greater than normal volume of evidence

   _X_  (5)     Extended discovery period is needed
   ___  (6)     Problems locating or preserving evidence
   ___  (7)     Pending parallel investigations or action by government
   ___  (8)     Multiple use of experts
   ___  (9)     Need for discovery outside United States boundaries
   ___  (10)   Existence of highly technical issues and proof

While the case is not currently complex, the parties anticipate that the case will likely become complex due to an unusually large number of parties.

**3.**    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

(a)    <u>For Plaintiffs:</u>

Douglas R. Kertscher
Hill, Kertscher & Wharton LLP
3350 Riverwood Pkwy.
Suite 800
Atlanta, Ga. 30339

(b)    <u>For Defendants:</u>

David E. Gevertz
Baker, Donelson, Bearman, Caldewll & Berkowitz, PC
Suite 1600
3414 Peachtree Rd NE
Atlanta, GA 30326

**4.**    **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

<u>**RESPONSE:**</u>   ____ Yes  _X_ No

5

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) **The following persons are necessary parties who have not been joined:**

   None.

   (b) **The following persons are improperly joined as parties:**

   None.

   (c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

   (d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings:**

   **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**Plaintiffs:** Plaintiffs anticipate that if conditional certification is not granted, new and related former employees of Defendant who are similarly situated to Plaintiffs will be seeking to be added to this lawsuit as party Plaintiffs or filing additional lawsuits and seeking consolidation with this one.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

    **(c)**    *Other Limited Motions*: **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

    **(d)**    *Motions Objecting to Expert Testimony:* **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.**    **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to the Initial Disclosures requirement and propose that they be exchanged on May 24, 2013.

**9.**    **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not believe a discovery conference is necessary at this time.

**10.**    **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular**

**case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

This action has been filed as a collective action under the FLSA, and the parties foresee the possibility of needing six months to complete discovery.

**Please state below the subjects on which discovery may be needed.**

Plaintiffs' Statement:

Plaintiffs anticipate they will conduct discovery on Defendant's policies, practices and knowledge of events during Plaintiff's employment.

Defendants' Statement:

Defendants anticipate that they will need to conduct discovery on Plaintiff's allegations and his alleged damages, as well as those of any potential opt-in plaintiffs, and whether this case can be certified for collective treatment.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

9

Plaintiff's Statement: Plaintiffs agree to a six month discovery period. Plaintiffs believe this is an appropriate case for conditional certification of the collective action under the FLSA 216(b) and intend to move for same. Plaintiffs see no purpose in delaying discovery as proposed by Defendants below, since discovery as described herein will be appropriate and take place regardless of whether or not conditional certification is granted.

Defendants' Statement:

Defendants intend to oppose any motion to certify this case as a collective action. For that reason, they seek to serve limited discovery and to depose 5-10 named plaintiffs prior to the time it responds to Plaintiffs' motion for conditional certification, and they anticipate that Plaintiffs will seek the same. Defendants propose that discovery be stayed pending a determination on Plaintiffs' motion, at which time mediation or full-blown discovery may ensue.

**11. Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

Plaintiffs:   Plaintiffs have no objection to Defendant (as proposed below) taking more additional reasonable depositions and propounding additional reasonable interrogatories of opt-in Plaintiffs.

Defendants: Given the number of named plaintiffs, Defendants may need to take more than ten depositions and to propound additional interrogatories if opt-in Plaintiffs are allowed to bring their claims in this proceeding.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Plaintiffs:   Plaintiffs do not oppose a reasonable protective order to protect Defendant's trade secrets or other "research, developmental or commercial" items treated as confidential by Defendant as allowed by Fed. R. Civ. Pro. 26(c)(1)(G). Items that do not meet this definition should not be subject to any protective order.

Defendants: Defendants anticipate the parties will need to seek a protective order for discovery of pay practices, time sheets, and like information.

**13.  Settlement Potential:**

  **(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 3, 2013, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

  For Plaintiffs:  Lead counsel (signature):   <u>s/ Douglas R. Kertscher</u>

  For Defendants:  Lead counsel (signature):   <u>s/ David E. Gevertz</u>

No settlement demand has yet been tendered by Plaintiffs' counsel, although they have requested that Defendants produce payroll records for the opt-in Plaintiffs. Plaintiffs have agreed to tender a settlement demand upon review of payroll records.

  **(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

  (___) A possibility of settlement before discovery.
  (_X_) A possibility of settlement after discovery.
  (___) A possibility of settlement, but a conference with the judge is needed.
  (___) No possibility of settlement.

  **(c)  Counsel (_X_) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

  **(d)  The following specific problems have created a hindrance to settlement of this case.  N/A**

**14.   Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)   The parties (___) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2010.

(b)   The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.


Respectfully submitted this 16th day of May, 2013.

| | |
|---|---|
| /s/ Douglas R. Kertscher w/permission | s/ David E. Gevertz |
| Douglas R. Kertscher, Esq. | David E. Gevertz, Esq. |
| Georgia Bar No. 416265 | Georgia Bar No. 292430 |
| HILL, KERTSCHER & WHARTON, LLP | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC |
| 3350 Riverwood Parkway, Suite 800 | 3414 Peachtree Street NE, Suite 1600 |
| Atlanta, GA 30339 | Atlanta, GA 30326 |
| Phone: 770-953-0995 | Phone:  678-406-8736 |
| Fax: 770-953-1358 | Fax:  678-406-8836 |
| drk@hkw-law.com | dgevertz@bakerdonelson.com |
| | |
| ATTORNEY FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

This 17th day of May, 2013.

/s/ David E. Gevertz
David E. Gevertz, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DAVID BROWN, et al.                )<br>                                                       )<br>       Plaintiffs,                         )<br>                                                       )         CIVIL ACTION FILE NO.<br>v.                                                  )         3:13-CV-00020-TCB<br>                                                       )<br>VENTURE EXPRESS, INC. and    )<br>DEWAYNE GRADIC,                 )         JURY TRIAL DEMANDED<br>                                                       )         IN COLLECTIVE ACTION<br>       Defendants.                     ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2013, I electronically filed the JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record listed below:

Douglas R. Kertscher, Esq.
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339

/s/ David E. Gevertz
David E. Gevertz
Georgia Bar No. 292430

BAKER, DONELSON, BEARMAN, CALDWELL
   & BERKOWITZ, PC
Monarch Plaza, Suite 1600
3414 Peachtree Street NE
Atlanta, GA 30326
Phone: 678-406-8736
Fax: 678-406-8836
dgevertz@bakerdonelson.com