IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

DAVID BROWN, et al.,                    )
                                        )
          Plaintiffs,                   )
                                        )          CIVIL ACTION FILE
v.                                      )
                                        )          NUMBER 3:13-cv-20-TCB
VENTURE EXPRESS, INC. and               )
DeWAYNE GRADIC,                         )
                                        )
          Defendants.                   )

O R D E R

Before the Court is Plaintiffs' motion for conditional certification [16].

I.    Background

This is an unpaid minimum- and overtime-wages action brought

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).[1]

Plaintiffs are former employees of Defendant Venture Express, Inc.

---

[1] Plaintiffs aver that they were not paid a minimum wage or overtime wages. However, Plaintiffs' FLSA claim mentions only 29 U.S.C. § 206, which addresses the minimum-wage requirement, not § 207, which addresses overtime wages.  Plaintiffs are DIRECTED to file an amended complaint that clarifies the statutory bases for and the type of wages they seek.

Venture is a private truckload carrier that primarily hauls automotive production and service parts.  Plaintiffs worked at Venture as intrastate truck drivers and yard workers.  In 2009, Venture contracted with Johnson Controls, Inc. for Venture to drive six types of routes, or runs, for JCI. Specifically, Venture's trucks would transport JCI's automotive products to a Kia manufacturing plant.  Defendant DeWayne Gradic is Venture's director of operations for Georgia and Alabama, and he oversaw Venture's JCI accounts from March 2011 through September 2012, when Venture ceased delivery of JCI's seats and doors to Kia.

Plaintiffs aver that they performed work pursuant to Venture's contract with JCI.  They also contend that they regularly worked more than forty hours per week and were eligible for but never received overtime compensation.

On February 6, 2013, Plaintiffs filed this action in which they seek to recover their unpaid regular compensation and overtime wages, alleging that Venture willfully and intentionally engaged in a pattern and practice of violating the FLSA, specifically, 29 U.S.C. § 206.  Plaintiffs seek to bring a collective action against Venture on behalf of themselves and other former hourly workers and drivers.

There are twenty-two Plaintiffs in this action.  All are former employees of Venture; fourteen performed intrastate delivery work, and eight performed intrastate delivery work and yard work.  According to Plaintiffs, the putative class is "all employees who were intrastate drivers and/or intrastate drivers/yard workers at Venture's LaGrange, Georgia location any time from February 6, 2010 through September 1, 2012 who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b)."

On August 23, 2013, Plaintiffs filed a motion for conditional certification [16].

## II.   Legal Standard

Section 206 establishes the minimum wage an employer must pay an employee, and § 207 establishes the overtime compensation an employer must pay an employee.  Under § 216(b), "[a]ny employer who violates the provisions of section 206 or section 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."  Consequently, pursuant to §§ 206, 207 & 216(b), one

or more employees on behalf of themselves and other similarly situated employees may sue their employer for overtime wages.

However, a plaintiff seeking relief for violations of §§ 206 and 207 pursuant to § 216(b) brings the collective action subject to the requirement that any similarly situated persons who wish to become a part of the action file a written consent with the court.  Thus, unlike class actions under Federal Rule of Civil Procedure 23, "[p]articipants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

In § 216(b) actions, district courts have discretion to certify collective actions and facilitate notice to potential opt-in plaintiffs.  *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).  In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001), the Eleventh Circuit recommended that district courts use a two-tiered procedure when deciding whether to certify collective actions and issue notices.  At the early juncture in this case, the Court applies the more lenient notice standard to Plaintiffs' motion:

> At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.  Because the court has

4

> minimal evidence, this determination is made using a fairly
> lenient standard, and typically results in "conditional
> certification" of a representative class. If the district court
> "conditionally certifies" the class, putative class members are
> given notice and the opportunity to "opt-in." The action
> proceeds as a representative action throughout discovery.

*Id.* (quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1218 (5th Cir. 1995)).

In deciding whether to grant conditional certification and intervene in the notice procedure, the Court must determine (1) whether there are current or former employees of Venture who desire to opt in to the litigation, and (2) if those employees are "similarly situated" to Plaintiffs with respect to their job requirements and pay provisions. *Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

## III.   Discussion

### A.   Other Employees Wish to Opt In

The first inquiry is whether Plaintiffs have shown that there are other employees who wish to opt in to this litigation. Venture does not challenge that Plaintiffs have carried their burden on this prong. Indeed, the record shows that there are numerous other employees who wish to opt in.

### B.   Other Employees Are Similarly Situated

The second inquiry is whether Plaintiffs have demonstrated that they are similarly situated with the other opt-in Plaintiffs.  Courts may consider similarity with respect to both job requirements and pay provisions in its determination of whether employees are similarly situated.  *Dybach*, 942 F.2d at 1567-68.  Additionally, plaintiffs can show they are similarly situated by "making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'"  *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406-07 (D.N.J. 1988)).  In this case, Plaintiffs have carried their burden as to the similarly-situated prong by providing several affidavits attesting that the employees had similar jobs, were paid hourly, worked with similar goods, worked in the same geographic region and were all subject to a singular, common policy involving a failure to pay overtime compensation.

The Court finds Defendants' reliance on *Bishop v. Petro-Chemical Transport, LLC*, 582 F. Supp. 2d 1290 (E.D. Ca. 2008), misplaced.  In *Bishop*, the court considered a number of factors in determining if a class of

6

truck drivers should be conditionally certified, including the plaintiff's complete lack of evidence that other drivers were not paid overtime or that there was a company-wide policy to deny overtime compensation. The court also noted the plaintiff was a dedicated driver for a particular petroleum customer at a particular facility, and the plaintiff had failed to provide any evidence to the court that any other driver was similarly situated.

While Defendants have argued in their brief that the court denied certification because the other drivers did not transport similar products or drive similar routes, they mischaracterize the *Bishop* court's holding. The court did not deny certification wholly on those grounds, but instead denied certification based on the complete lack of evidence provided by the plaintiff. As noted above, unlike the plaintiff in *Bishop*, Plaintiffs in this case have provided evidence that the proposed class of drivers and drivers/yard workers are similarly situated, and Plaintiffs have therefore carried their burden as to the second prong of the inquiry.

IV.    Conclusion

Plaintiffs' motion for conditional class certification and issuance of notice [16] is GRANTED.  The Court INSTRUCTS the parties to submit a joint proposed notice on or before noon on December 6.

IT IS SO ORDERED this 25th day of November, 2013.

Timothy C. Batten, Sr.
United States District Judge